UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JACQUES MORIAL**<br>    **Plaintiff** | **CIVIL ACTION**<br><br>**NUMBER** |
| **VERSUS** | **SECTION:** |
| **CITY OF KENNER, LOUISIANA, and ANDREW SHEA, Individually, and in his official capacity as Police Officer, City of Kenner Police Department**<br>    **Defendants** | |

### COMPLAINT FOR VIOLATION OF PLAINTIFF'S CONSTITUTIONAL AND CIVIL RIGHTS

**NOW INTO COURT**, through undersigned counsel, comes Plaintiffs, JACQUES MORIAL, appearing through undersigned counsel, and respectfully represent that:

### I. JURISDICTION

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, 2201 and 2202, and 42 U.S.C. §§ 1983..  This action is further instituted pursuant to the Fourth and Fourteenth Amendments to the United States Constitution.  Supplemental jurisdiction is invoked as to matters cognizable under the Constitution and laws of the State of Louisiana, particularly, but not exclusively, LSA-C.C. arts. 2315, 2315.1, 2316 and 2320.

### II. PARTIES

2. Plaintiff herein is JACQUES MORIAL, a person of full age of majority and domiciled in the Parish of Orleans, State of Louisiana.

3.	Defendants herein are:

a.	THE CITY OF KENNER, LOUISIANA, a political subdivision of the State of Louisiana, with the capacity to sue and be sued; and

b.	ANDREW SHEA ("SHEA"), a person of full age of majority and, at all times relevant hereto, was a member of the City of Kenner Police Department, employed in the capacity of police officer. He is sued individually and in his official capacity.

### III.  STATEMENT OF FACTS

4.	On or about April 1, 2016, Plaintiff was traveling to the Louis Armstrong New Orleans International Airport, to meet a friend, who was arriving by airplane from out of town. After traveling westbound on Veterans Boulevard, Metairie, Louisiana, he turned left onto the access road and continued until he reached that portion of the access road parallel to Airline Highway.

5.	Suddenly he noticed a flashing blue light in his rear view mirror, which he concluded was a law enforcement vehicle. Not certain whether the pursuing officer was seeking to obtain his attention, or the attention of some other vehicle operator, he brought his vehicle to a halt. The officer, who turned out to be Defendant Shea, approached the vehicle and requested Plaintiff's driver's license, proof of insurance, and vehicle registration.

6.	Defendant Shea took the documents and proceeded in the direction of his law enforcement vehicle, where he remained for about 3 - 5 minutes. Upon returning, he ordered Plaintiff to exit his vehicle, and Plaintiff complied without any reluctance or hesitance.

7.	Defendant Shea proceeded to inquire whether Plaintiff had been drinking, and, before he could respond, Defendant Shea proceeded to conduct a field sobriety test. First, he instructed Plaintiff to follow his, Defendant Shea's, finger with his eyes. Plaintiff complied and

performed that aspect of the test with relative ease.

8. Defendant Shea was unable to accept the fact that Plaintiff was sober and proceeded to conduct other tests, solely for the purpose of confirming his unfounded belief that Plaintiff was inebriated. He instructed Plaintiff to walk on a "straight line." Prior to doing so, Plaintiff informed Defendant Shea that he had no objection to performing the test, but wanted to inform him that he had a disability. Plaintiff has undergone two knee reconstructions, a tibia reconstruction, and has rheumatoid arthritis. At that point, Defendant Shea abruptly aborted the field sobriety test.

9. Upon termination of the test, Defendant Shea proceeded to handcuff Plaintiff and placed him in the back of the police vehicle. At this point he had not informed Plaintiff that he was under arrest, and the bases therefor. Plaintiff did not find out why he was being arrested until he was en route to the Kenner lock-up  Upon inquiry, he was told that he was being arrested for "suspicion of DWI."

10. Plaintiff was transported to the Kenner lock-up, where he was subjected to a breathalyzer test, which confirmed the fact that he was not intoxicated. It recorded a blood alcohol content of 0.053. Which is well below 0.08 which is the legal level for intoxication.

11. Notwithstanding the fact that Plaintiff was not intoxicated, he was fingerprinted, photographed, and booked. In addition to being charged with driving while intoxicated, he was also charged with reckless operation of a vehicle, and violation of a traffic control signal. The latter two charges were added after he passed the breathalyzer test.

12. Plaintiff was transferred to the Jefferson Parish Prison, from where he was able secure his release. Plaintiff was incarcerated for a period of approximately eleven (11) hours.

13.     Plaintiff entered a plea of guilty to the charges pertaining to reckless operation of a vehicle and violation of a traffic control signal.  The DWI charge was refused by the Jefferson Parish District Attorney's Office, due to the fact that Plaintiff's blood alcohol content was significantly below the legal level.

14.     Defendant Shea knowingly, intentionally, maliciously and falsely arrested, charged and imprisoned Plaintiff for the crime of driving while intoxicated when he was well aware of the fact that Plaintiff, based on the results of the breathalyzer test, was not intoxicated.  There was a total absence of probable cause for the arrest of Plaintiff on said charge.

15.     Defendant Shea knowingly, intentionally, maliciously and falsely filed a police report for the sole purpose of arresting and charging Plaintiff with the crime of driving while intoxicated when he was well aware of the fact that Plaintiff, based on the results of the breathalyzer test, was not intoxicated.

16.     Reckless operation and violation of a traffic control signal, as allegedly occurred in this case, were not arrestable offenses.  Knowing that to be the case, Defendant Shea knowingly, intentionally, maliciously and falsely manufactured the charge of DWI for the sole purpose of arresting and incarcerating Plaintiff.

17.     At all times relevant hereto, Defendant Shea was acting under color of law and within the scope and course of his employment as a police officer with the Kenner Police Department.

18.     At the time of the acts herein complained of, it was contrary to the Constitution and laws of the United States, as well as the State of Louisiana, to maliciously, knowingly, intentionally and wrongfully subject a person to arrest and incarceration for a crime which he did not commit

19.     At the time of the acts herein complained of, it was contrary to the Constitution and laws of the United States, as well as the State of Louisiana, to maliciously, knowingly, intentionally and wrongfully falsified a police report for the sole and singular purpose to cause an individual's arrest and incarceration.

## IV.  STATEMENT OF CLAIM

20.     Defendant Shea, acting under color of state law, unlawfully pursued a policy and/or practice of deriving Plaintiff of his constitutional and statutory rights.

21.     Defendant Shea, in maliciously initiating and pursuing criminal charges against Plaintiff, based solely on evidence and facts which did not constitute a criminal offense, violated Plaintiff's right to substantive due process, as guaranteed by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

22.     Defendant Shea arrested and charged Plaintiff with the crime of DWI, even though Plaintiff's blood alcohol level was only 0.053, which is well below the level constituting intoxication under the law.  In doing so, Defendant Shea falsely arrested and imprisoned Plaintiff, in violation of rights guaranteed by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

23.     Defendant Shea, in arresting and charging Plaintiff with the crime of DWI, though Plaintiff's blood alcohol level was only 0.053, which is well below the level for inebriation, engaged in malicious prosecution, in violation of the Constitution and laws of the State of Louisiana, particularly LSA CC art. 2315.

24.     Defendant Shea, in maliciously initiating and pursuing criminal charges against Plaintiff based on facts which did not constitute a crime, intentionally caused Plaintiff to experience severe emotional distress.  Plaintiff was compelled to endure many months of anxiety,

not knowing whether the charges would be accepted by the district attorney's office.  He was also compelled to retain counsel to make certain that he was not tried for an offense which did not constitute a crime, and had to expended funds to retrieve his vehicle, which had been impounded.

25. Defendant, City of Kenner, is liable for the tortious conduct of Defendant Shea under the state law principle of "respondeat superior," as set forth in LSA CC art. 2320.

## V.  RELIEF

26. WHEREFORE, Plaintiff prays that the Court:

a. Enter a declaratory judgment that the aforementioned facts and practices of Defendants are in violation of the Constitution and laws of the United States of America and the state of Louisiana.

b. Enter judgment herein in favor of Plaintiff, and against Defendants Shea and the City of Kenner, awarding Plaintiff special, general, and nominal damages in an amount deemed fair and equitable.

c. Enter judgment herein in favor of Plaintiff, and against Defendant Shea, awarding punitive damages to Plaintiff in an amount to deter future unconstitutional acts by Defendant.

d. Award Plaintiff the cost of this litigation, including reasonable attorney's fees.

## VI.  TRIAL BY JURY

38. Plaintiff requests a trial by jury as to all issues so triable.


Respectfully submitted:

>RONALD L. WILSON (#13575)
>701 Poydras Street – Suite 4100
>New Orleans, Louisiana 70112
>PH:     (504) 525-4361
>FAX:    (504) 525-4380
>E-mail: cabral2@aol.com
>COUNSEL FOR PLAINTIFF
>
>BY: /s/    Ronald L. Wilson

.